PER CURIAM.

(No. 5998—Claim )

WILMA WALKOWITZ a/k/a WILMA WALKOWICZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 12, 1973.*

JOHN D. DEMPSEY AND ROSEMARY DUSCHENE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery of $25,000 for injuries she sustained on November 7, 1969, when she caught her foot in a hole and fell while crossing Touhy Avenue in the Village of Skokie.

The parties have stipulated that the highway in question was under the auspices and control of the State of Illinois at the time and place of the occurrence.

Claimant was the only witness to testify in the proceedings. She stated that she crossed the street in question on her way to lunch at noon. She was crossing Touhy Avenue in an area generally used by the public as a crosswalk to cross from Teletype Corporation where claimant worked, to the restaurant. Claimant testified that she stepped in a hole in the street approximately six inches in diameter and four or five inches deep and fell forward on her knees, shoulder and head, sustaining a fracture of the left patella, bruises and contusions to her shoulder, head, and knee and back strain. Claimant introduced photographs over the objections of respondent, purporting to show the hole in question.

Claimant contends that there was no evidence of contributory negligence. It is difficult, however, to understand why claimant was unable to see and avoid the alleged defect. Claimant further contends that respondent did not introduce evidence to show that it conducted regular inspection of that area of the roadway "as ordinary care would require." (*City of Peru v. Frence*, 55 Ill. 3, 7, etc.) Claimant further argues that the color of the sides of the hole, plus the smooth edges demonstrate that it had existed for a long time.

Respondent argues that in order for claimant to recover on the basis of an alleged defect, she must show that the State had either actual or constructive notice of the defect. (*Weygandt v. State of Illinois*, 22 C.C.R. 478) In denying recovery to the claimant who had injured himself in the case of *Palmer v. State of Illinois*, 25 C.C.R. 1, the Court stated:

"The mere fact that a defective condition existed, if, in fact, it did exist, is not in and by itself sufficient to constitute an act of negligence on the part of Respondent."

In absence of any testimony or other witnesses

which would establish the Respondent either knew or should have know of the existence of the hole, claimant has failed to show that Respondent was negligent and, therefore, recovery must be denied.